UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOHN CHESSON** | * | **CIVIL ACTION NO. 2:10-CV-1100** |
| **LA. DOC #460165** | * | |
| | * | **JUDGE WALTER** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE KAY** |
| **ELAYN HUNT** | * | |
| **CORRECTIONAL CENTER** | * | |

### AMENDED REPORT AND RECOMMENDATION

Currently before the court is the application for writ of habeas corpus by petitioner John Chesson. Docs. 1, 8. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. When he filed this petition he was incarcerated at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana. He was subsequently transferred and is now incarcerated at the David Wade Corrections Center in Homer, Louisiana.

Petitioner attacks his 2002 second degree murder conviction and the life sentence imposed by the Fourteenth Judicial District Court in Calcasieu Parish, Louisiana. Docs. 1, 8. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

The undersigned previously issued a Report and Recommendation on November 13, 2012. Doc. 40. Petitioner filed an opposition to the court's recommendations, and the State submitted a response to petitioner's opposition. Docs. 41, 43. After considering that opposition, the undersigned issues this amended Report and Recommendation.[1]

---

[1] The court originally recommended that the petition be dismissed in accordance with the procedural bar articulated in *Stone v. Powell*, 428 U.S. 465, 494 (1976). That limitation, however, only applies in the context of the Fourth Amendment's exclusionary rule. *Withrow v. Williams*, 507 U.S. 680, 686-95. (1993). The original Report and

-1-

*Background*

Petitioner was charged with first degree murder in May 1997.  In January 2000 the bill of indictment was amended to charge the lesser offense of second degree murder.  In October 2000 petitioner was found guilty as charged following trial by jury, and sometime thereafter a mandatory life sentence was imposed.  Doc. 8, p. 1.

Petitioner appealed his conviction to the Third Circuit Court of Appeals.  Doc. 8, p. 2.  Both counseled and *pro se* briefs were submitted.  Among other assignments of error raised petitioner argued that the trial court erred in denying his motion to suppress certain statements made to police.  He alleged that questioning was impermissibly continued after petitioner requested appointment of counsel.  The Third Circuit affirmed petitioner's conviction on October 1, 2003.  *State of Louisiana v. John R. Chesson*, 2003-606 (La. App. 3 Cir. 10/1/2003), 856 So.2d 166.

Petitioner filed an application for Writs of Certiorari and/or Review in the Louisiana Supreme Court.  On February 13, 2004, petitioner's writ application was denied.  *State of Louisiana v. John Chesson*, 2003-2913 (La. 2004), 867 So.2d 686.

Additionally, petitioner filed a *pro se* application for post-conviction relief.  On January 3, 2005, the Third Circuit granted writs and directed the district court to rule on petitioner's application.  *State of Louisiana v. John R. Chesson*, No. KH-04-1516.  On January 18, 2005, the trial judge denied relief, noting, "In accordance with La. Code Crim. Proc. Ann. Art. 930.4(A), any claim for relief which was fully litigated in an appeal from the proceedings leading to the judgment of conviction and sentence shall not be considered."

---

Recommendation and the state miscast petitioner's claim as one for relief under the Fourth Amendment.  Rather, petitioner's claims for relief come within the purview of the Fifth Amendment.  *See Miranda v. Arizona*, 384 U.S. 436 (1966).

Petitioner sought writs in the Third Circuit Court of Appeals, and on October 7, 2008, writs were denied. *State of Louisiana v. John R. Chesson*, No. KH-08-0614. On some unspecified date petitioner filed a writ application in the Louisiana Supreme Court. On September 25, 2009, his writ application was denied. *State of Louisiana ex rel. John R. Chesson v. State of Louisiana*, 18 So.3d 88 (La. 2009).

Petitioner's undated habeas petition was mailed on July 6, 2010, and received and filed on July 7, 2010. Petitioner filed an amended complaint on July 6, 2011. Doc. 8. The original and amended complaints are entirely identical.

Petitioner alleges two grounds for relief, and each is addressed in turn.

**Ground No. 1:**

Petitioner asserts in his first ground for relief, "At the very first initial arrest, the Miranda rights were never given when I requested counselor." Doc. 8, p. 4. In his discussion of the facts that entitle him to relief, Petitioner argues the following:

> There were never at any point of the initial investigation that I refused to cooperate, only requesting that I had a <u>right to an attorney</u>. This request was made verbally, I simply knew that I had the <u>right to a lawyer</u>. But the only interest that the police officers were concerned with, were to have me brought in for their exclusive interest only. In order to assist with their investigation, <u>I knew that a lawyer would be needed</u> for any crime of interest.

Doc. 8, p. 4 (emphasis added). Petitioner essentially claims that the arresting officers failed to comply with petitioner's request for an attorney during his interrogation as required by *Miranda v. Arizona*, 384 U.S. 436 (1966).[2]

---

[2] While this claim for relief could be read to mean that the officers failed to read petitioner his *Miranda* rights, the more appropriate reading of the claim is that the officers failed to comply with the substance of the rule. Our reading of petitioner's claim is reinforced by petitioner's memorandum in support of his application for post-conviction relief filed in the trial court wherein petitioner on at least four occasions specifically mentions that the *Miranda* rights were read to him. Doc. 31, Att. 2, pp. 150, 51, 52.

Petitioner sought to suppress certain statements he made to officers on several grounds, including on the ground that officers violated *Miranda* when they continued to question petitioner after he stated he wanted an attorney. During a hearing on the motion to suppress, several officers testified that petitioner made statements to the effect that he may want an attorney. Doc. 31, Att. 7, pp. 170-253; Att. 8, pp. 26. The trial court ultimately denied the motion. Doc. 31, Att. 8, p. 24.

Petitioner appealed the trial court's denial of the motion to suppress. Both counseled and *pro se* briefs were filled with the appellate court. *State v. Chesson*, 2003-606, p. 6 (La. App. 3 Cir. 10/1/03), 856 So.2d 166, 173. The appellate court concluded that petitioner's statement that he might need an attorney did not trigger the constitutional right because petitioner failed invoke his right to counsel "unequivocally" and "unambiguously." *Id.* at 175, p. 10.

Because the appellate court adjudicated this claim on the merits, this court reviews that decision under the deferential standard of 28 U.S.C. § 2254(d)(1). *Corwin v. Johnson*, 150 F.3d 467, 471 (5th Cir. 1998). Where the state court has reached the merits of a constitutional claim, a "writ of habeas corpus . . . shall not be granted with respect" to that claim "unless the adjudication of the claim" resulted in a decision that was either (a) contrary to clearly established federal law, or (b) unreasonably applied that law. 28 U.S.C. § 2254(d)(1). Petitioner fails to demonstrate either.

The decision of the state appellate court was not "contrary to clearly established law" insofar as the "fair import" of the decision is that the court applied the controlling Supreme Court standard. *Early v. Packer*, 537 U.S. 3, 9 (2002) (*per curiam*).

The *Miranda* Court held that a suspect has a constitutional right to have counsel present during a custodial interrogation. 384 U.S. at 469-473. Moreover, a suspect that requests counsel

during an interrogation cannot be subject to any further questioning until counsel is present or the subject reinitiates the conversation. *Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981). Whether a suspect has invoked his right to counsel is an "objective inquiry." *Davis v. United States*, 512 U.S. 452, 459 (1994). A suspect must make "some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney." *McNeil v. Wisconsin*, 501 U.S. 171, 178 (1991). However, a suspect does not invoke the right if he "if a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect *might* be invoking the right to counsel[.]" *Davis*, 512 U.S. at 459.

The state appellate court quoted *State v. Payne*, 01-3196 (La. 12/4/02), 833 So.2d 927, at length wherein the Supreme Court of Louisiana discussed the requirement to invoke the right to counsel. 856 So.2d at 174-75, pp. 9-10. The *Payne* court correctly traced the development of federal jurisprudence and faithfully applied the applicable constitutional standard. 833 So.2d at 935 (citing *Edwards v. Arizona*, 451 U.S. 477 (1981), and *Davis v. United States*, 512 U.S. 452 (1994)).

Moreover, the decision of the state appellate court did not unreasonably apply clearly established federal law. Petitioner fails to demonstrate "that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011).

Petitioner is not entitled to habeas relief on this ground as he fails to satisfy either exception to the deferential standard of review articulated in 28 U.S.C. § 2254(d)(1).

**Ground No. 2:**

As his second ground for relief, Petitioner argues, "As a tax paying citizen I understood that I was protected by the very same laws that to, compel me an (sic) person of interest." From Petitioner's discussion of the facts that support this ground of relief, it is apparent that this second ground is a mere restatement of the first ground.

> At no point doing their concerns to bring me in did it not register that all proper standard such as <u>miranda rights</u> if information contained would require that I be <u>properly represented</u> would apply in such procedures. There were no due alarm for me to create apprehension because I was innocent an expressed this at all times of my being handle in this situation it was so apparent that, they were only concern with getting me into the police headquarters for their <u>interrogations</u> to interpolate.

Doc. 8, p. 4 (emphasis added). This argument is without merit for the reasons previously discussed.

*Conclusion*

For the reasons discussed herein, the undersigned recommends that the petition for writ of habeas corpus be **DISMISSED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) business days from receipt of this Report and Recommendation to file any objections with the clerk of court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain

error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE this 24th day of January, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE